JEDEDIAH LEEDS and another *v.* WILLIAM DEBUYS.

An exception that the petition and citation were not drawn or served in the French language, the maternal tongue of the defendant, must be pleaded *in limine litis*, or it will be considered as waived. It will be too late after a judgment by default has been confirmed, though the judgment of confirmation has not been signed.

Where a judgment by default has been obtained on a claim exceeding five hundred dollars, it may be confirmed on the testimony of a single witness, the fact of the debt not being denied being a corroborating circumstance. The possession of the note sued on, may be also viewed as a corroborating circumstance.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Bradford*, for the plaintiffs.

*Mazureau*, for the appellant.

MARTIN, J.   The defendant is appellant from a judgment by default, afterwards made final.   He complains that the first Judge erred in overruling his motion to have all the proceedings set aside, on the affidavit of his attorney, that he is a native of New Orleans, born from French parents, and that he speaks the French language as his native tongue ; the petition, the copy thereof, and the citation having been drawn and served in the English language only.   The setting aside of the proceedings was claimed under the Code of Practice, arts. 172, 178, 179.   The first Judge was of opinion that the right, is one of those which, like domicil alienage, official exemption, &c., must be urged in *limine litis*, or will be considered as waived.

The judge did not err.   Before a court permits a Judgment by default to be made final, it must be satisfied that the defendant has been duly cited ; but it suffices that it appears that he was so by the inspection of the citation and return.   If there be any circumstance which can lead the court to a different conclusion, the party who has an interest to avail himself of it, must place it on the record in due time.   If he neglects to do so, he must bear the consequence.   *Unicuique sua mora nocet.*

On the merits, the debt was fully proved by one witness.   It is true it is for more than $500 ; and we believe that the absence of a denial of the debt is a circumstance which corroborates the testimony.   To this may be added the possession of the note by the plaintiffs.   7 La. 181.

*Judgment affirmed.*