G. HARRISON, Tutor, *v.* S. P. McCAWLEY.

This was an action on an account, its correctness was only proved by one witness. There was judgment for the plaintiff. It appeared that there was no cross examination of the witness and no appearance for defendant. From the face of the account itself, it was obvious that defendant was not bound for some of the charges; the case was therefore remanded.

SLIDELL, C. J., (with whom concurred SPOFFORD, J.,) dissented on the ground that the witness had proved the correctness of the account, to the reception of which in evidence no objection was made.

APPEAL from the District Court of the parish of West Feliciana, *Merrick*, J. *Brewer & Collins*, for plaintiff.

*Ratliff*, for defendant and appellant, referred to 2d Ann. 292.

BUCHANAN, J. This suit is based upon an account of a factor with a planter, running through a period of about two years, and embracing items for plantation supplies, cash advances and bills receivable of various persons other than the defendant, with interest, &c. The record is very carelessly made up, for we do not find any answer, although the proceedings favor the idea that an answer was in fact filed. The case appears to have been regularly called and tried, in the absence of the defendant's counsel. The only evidence offered in support of the claim was that of a witness, who testified that the account was . correct, the articles charged were furnished as charged, and were worth the prices at which they were respectively charged. Witness was clerk for *John C. Morris*, during the whole time in which said account was made. The account itself was also offered in evidence, but none of the many notes with which the defendant was therein charged. With regard to some of those notes, the defendant would not seem, without some further explanation, to be chargeable. For instance, the item of "your lady's note $379 48-100"—"———cash, Bank Louisiana, interest as per interest account and account current, $613 13-100"— "*R. W. Hendricks's* note $323 13-100 "—" cash amount, *John Hamilton*, $139, 66 100"—"cash paid Mrs. *Lemon* $4 50-100." As the transcript does not inform us of the issue upon which the cause was tried, and as the evidence, taken ex parte, does not make out satisfactory proof of the various items embraced in this demand, although the general expressions used by the only witness examined, might imply that upon a cross examination he would have been prepared to establish the liability of defendant for all those items, we think it advisable to remand the case for a new trial.

It is therefore adjudged and decreed, that the judgment of the District Court be reversed; and that this cause be remanded to said court, to be proceeded in according to law ; the costs of appeal to be paid by the appellee.

SLIDELL, C. J., dissenting. In this case the witness swore the account was correct, and it was therefore received in evidence. He was not cross-examined, nor was any objection made to the admission of the evidence. The District Judge believed him and gave judgment. I cannot say I disbelieve him.

There was a judgment by default, and there is no entry setting it aside, and no answer appears in the transcript.

If there was no answer, its absence and the judgment by default are corroborating circumstances. See *Lopez* v. *Bugel*, 7 L. R. 181 ; *Leeds* v. *Debuys*, 4 Rob. 257.

If there was an answer, which has been lost or mislaid, *non constat*, but it contained admission, inconsistent with the objection to the sufficiency of evidence, now suggested in argument merely, by the appellant's counsel. If we were permitted to entertain presumptions as to the contents of an answer, the existence of which is not shown, and is not even positively asserted by the appellant's counsel, upon what principle should we presume in favor of the defendants, in face of the opinion of the District Judge?

We all agree that there was no legal excuse for the absence of defendant's counsel at the trial. It will be a dangerous precedent to reverse an opinion of a District Judge on a question of facts, where the witness has sworn positively, where the District Judge believed him, and the appellant suggests here objections which should have been the subject below of exception or cross-examination. Such a precedent might be an encouragement to counsel for defendants to be absent from trial. I have also to observe that the clerk's certificate of the transcript is defective.

I think the judgment should not be disturbed.

Spofford, J., concurs in the opinion.