## C. & J. M. Tate v. Samuel Garland.

The Act of the Legislature of the 5th March, 1852, having fixed the prescription of the accounts of merchants and all other open accounts at three years, whereas the prescription was previously ten years, when more than one-third of the time required for the prescription under the former law had elapsed—*Held*: that the account sued on was prescribed after the lapse of two years (being two-thirds of the time required under the new law) from the date of the promulgation of the statute to the institution of the suit.

The Act of the Legislature of 1848 abolishes the distinction between residents and absentees in matters of prescription.

APPEAL from the Fourth District Court of New Orleans *Reynolds*, J. *Elmore & King*, for plaintiffs. *Steele* and *Hamner & Hays*, for defendant.

Buchanan, J. The plaintiffs were in 1847 and 1848 the factors in New Orleans of the firm of *G. T. Williams & Co.*, tobacco manufacturers in Lynchburg, Virginia, of which firm defendant was a partner.

The petition alleges that, on the 15th February, 1848, by a mistake and error on the part of plaintiffs, they paid *G. T. Williams & Co.* six hundred and seventy-three dollars and forty-seven cents. In an account which is annexed to the petition, and which is referred to as making part of the petition, it is charged that this amount of $673 47 was paid defendant's firm, in plaintiffs' acceptance of the draft of *George T. Williams & Co.* in favor of *Turner* and *Burwell*, at four months date, due and paid February 15th, 1848, the same being the suspended debt due by *Samuel M. McLean*.

The plaintiffs further allege in their petition and annexed accounts, that they committed an error to their own prejudice of thirty-six dollars in an item on the debit side of an account current rendered by them to defendant's firm on the 11th July, 1848.

And now the plaintiffs sue the defendant, by citation served on the 7th April, 1855, for reimbursement of these two sums thus erroneously paid, and omitted to be charged, in February and July, 1848.

Defendant pleads the general issue and the prescription of five and ten years.

The evidence shows, that *George T. Williams & Co.* drew upon plaintiffs a draft for fifteen hundred dollars, which was accepted by plaintiffs, and was by them paid at its maturity, the 15th February, 1848. But it is also proved, that the the plaintiffs charged defendant's firm with the amount of this acceptance and interest in the account current of the 11th July, 1848, rendered by plaintiffs, and that the same has been thus refunded to plaintiffs.

As to the error of thirty-six dollars which appears in the same account current, in the charge of *P. H. Prout & Co's.* note due 18th October, 1847, and not paid, we think it covered by the plea of prescription. By the Act of 5th March, 1852, (No. 118 of the Session Acts,) the prescription of the accounts of merchants, and all other open accounts, was fixed at three years. Before that statute the prescription of such an account as this was ten years. From the date of the account current to the date of the promulgation of that statute, a period of three years and eight months intervened. More than one-third of the time required for prescription had then elapsed. Under the statute of 1852

TATE
v.
GARLAND.

this account became prescribed, therefore, by the lapse of two years—or two-thirds of the prescription time as reduced thereby—and those two years expired in 1854, a year before the institution of this suit.

By the Act of 1848, page 60, the distinction between residents and absentees in matters of prescription was abolished.

The judgment of the District Court is, therefore, reversed, and judgment is rendered in favor of defendant and appellant, with costs in both courts.

SPOFFORD, J., concurring. I concur in the judgment, because I think the whole claim of the plaintiffs is barred by prescription.

The basis of the suit is an account. It is an *open* account, because it has never been stated or acknowledged expressly or impliedly by the defendant. It comes within the meaning of the 2d section of the Act of March 5th, 1852, (p. 90,) by which it is declared that the prescription of all other open accounts the prescription of which is ten years under the existing laws, shall be three years. Giving the items of this account their proper date, *the whole account* is prescribed. The fact that the defendant resided in another State of the Union did not suspend prescription during his absence. He did not conceal himself, but his domicil was known to the plaintiffs who were constantly in correspondence with him. See *McMasters* v. *Mather*, 4 An. 418.