(34 South. 881.)

No. 14,619.

HANDLIN v. DODT et al.*

(March 2, 1903.)

APPEAL—PARTIES—DISMISSAL—DECREE—
SLANDER OF TITLE.

On Motion to Dismiss.

1. In an appeal from a judgment rejecting a moneyed demand against several defendants in solido, all the defendants are necessary parties, and the failure to cite one of them is fatal to the appeal.

On the Merits.

2. A defendant should not be decreed to do that which is not asked for in plaintiff's pleadings or prayer.

3. A defendant, ordered by the court to institute an action against the plaintiff for recovery of land which is in possession of and claimed to be owned by plaintiff upon a title which he has acquired and placed of record, should not, prior

---

*Rehearing denied June 22, 1903.

110  936
111  555

to the determination of the issue of title, be mulcted in damages for having acquired the title and registered it.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by A. Handlin against John C. Dodt and others. Judgment for plaintiff, and both parties appealed. Appeal of plaintiff dismissed. Reversed.

William W. Handlin and Joseph Brewer, for appellant. John G. Robin, for appellee Dodt. Emile Pomes, for appellee Jones. Solomon Wolff, for appellee Dreyfous.

## On Motion to Dismiss.

PROVOSTY, J. This is an action in slander of title and for damages. The defendants are Valsin Jones, J. C. Dodt, and F. J. Dreyfous. On exception, Dreyfous was dismissed from the suit. After trial on the merits, there was judgment for plaintiff, recognizing her title, and condemning Dodt and Jones to pay the costs of the suit, and Jones to pay $150 damages. Jones appealed by motion, and perfected the appeal. Thereafter Mrs. A. Handlin, the plaintiff, appealed by petition. She alleged that Jones had taken an appeal, and that she joined in same, and that she prayed an appeal as against the other defendants, and that the latter be cited. The appeal was accordingly granted, and was duly perfected, and the said two defendants, Dreyfous and Dodt, were duly cited. Both appeals are included in the same transcript.

This transcript was filed in this court on the 31st of October, 1902. On the 11th of November, Mrs. Handlin filed an answer to the appeal of Jones, praying that the judgment against him for $150 damages be increased to the full amount claimed in the petition. In this same answer Mrs. Handlin prayed that the judgment sustaining the exception of F. J. Dreyfous, and dismissing him from the suit, be set aside, and that all three defendants be condemned in solido to pay damages as prayed in the petition. On the 25th of November, 14 days after the filing of this answer, Jones filed a motion to dismiss the appeal taken by Mrs. Handlin, on the ground that all the defendants had not been cited, meaning thereby that he himself had not been cited. This motion is the matter before us for consideration.

It must be sustained. Jones is a party to the judgment, and a necessary party. Failure to cite him is therefore fatal to the appeal. Succession of Forsyth, 20 La. Ann. 33; Succession of Perry, 4 La. Ann. 577; Camutz v. Bank, 20 La. Ann. 35; Bolling v. Anderson, 10 La. Ann. 650; Succession of Holmes, 18 La. Ann. 626; Gerodias v. Handy, 31 La. Ann. 334; Baird's Heirs v. Russ, 33 La. Ann. 920. The dismissal of the appeal of Mrs. Handlin does not, however, affect the appeal taken by Valsin Jones, which is a separate, independent appeal, although included in the same transcript.

The appeal taken by Mrs. Handlin, the plaintiff, is accordingly dismissed.

(May 11, 1903.)

### Statement of the Case.

NICHOLLS, C. J. Plaintiff, the wife of W. W. Handlin, alleged that she was the holder and owner by perfect title of certain property, which she described. That on the 3d of August, 1901, the defendant John C. Dodt purchased the property for $1,600—two hundred dollars paid cash down; the formal act to be passed by the notary, Zengel. That the sale was in writing, as follows, to wit: "New Orleans, August 3rd, 1901. Received two hundred ($200) dollars, payment on square No. 873 [describing it], sold by Mrs. A. Handlin to Mr. John C. Dodt, the whole price being sixteen hundred dollars cash—all taxes to be paid by the vendor. [Signed] Azelie Handlin, per W. W. Handlin." That immediately afterwards Dodt said to her agent that he could hand the title to Dreyfous. That he refused to do so, saying he would have nothing to do with him, because he had given him unnecessary trouble before, but that he would give the title to Zengel to pass the formal act, which Dodt agreed to—that is, he agreed not to employ Dreyfous. That afterwards Dodt, acting in bad faith, and in violation of his verbal agreement, got the title papers from Zengel, and delivered them to said Dreyfous for his advice, examination, and opinion. That after considerable delay he returned said title to Zengel, and refused the property. That after this her said agent visited the property,

and found that the said Dodt had published, maliciously or without probable cause, to the neighborhood in the Third District, that he had rejected the property on the examination of title by Dreyfous, contrary to his agreement, and that the slander of her title was in everybody's mouth, to the great damage, depreciation, and injury of her property; whereas her said title is perfectly good and valid, and one of the best known to the law. That long since, her authors' title, based on an order of court, was confirmed by the Supreme Court in the case of Pursell v. Porter, 20 La. Ann. 323. That defendant published a letter of Felix Dreyfous, amounting to slander and libel on her title, by showing the said letter to Frederick Zengel, which said letter, among others, contained the words: "It is only a title by prescription; the constable's sale makes it not a merchantable title." That said language is false, malicious, and slanderous, as a constable has the same right to sell immovables as a sheriff. That by reason of the fictitious reputation of said notary, Dreyfous, as an examiner of titles in the Third District, on account of imaginary difficulties on his part, petitioner's said property had been illegally, wrongfully, and maliciously injured in its reputation as to its value. That said malicious, slanderous, and libelous letter as published aforesaid by said Dodt contained the words, "a suit should be brought against Dodt," which would be a vain thing, and would not be res judicata except between Dodt and petitioner, but would be no bar to third persons suing Dodt. That said Dodt, through an attorney, had published a false, malicious, and slanderous libel upon her title in these words, "said titles were defective," greatly to her damage. That by reason of said false, malicious slanders and libels she had suffered damages, in the sum of $2,100, and $100 attorney's fees. That petitioner had used every effort in her power to induce defendant Dodt to act in good faith and comply with his contract of sale, in order to avoid a disagreeable, baseless, and unseemly litigation, but all to no purpose. And that she had just learned that one Valsin Jones of New Orleans had just registered a spurious, slanderous title, claiming her said property.

In view of the premises, she prayed for citation, and that after due proceedings she have judgment in her favor against defendants, John C. Dodt, Valsin Jones, and Felix Dreyfous, in solido, for ($2,200) twenty-two hundred dollars, with legal interest from judicial demand, and costs. She prayed for judgment that her title was good and valid in law, and quieting her in the same, with the enjoyment of her rights of possession of said property, and forever enjoining the defendants, John C. Dodt, Valsin Jones, and Felix Dreyfous, all residents of the parish of Orleans, from disturbing her title and possession by slander and otherwise. She prayed for all general and equitable relief, and as in duty bound, etc.

Dreyfous excepted to the demand, on the grounds: (1) That there was misjoinder of parties defendant.

(2) That the petition was vague and indefinite, and he could not safely go to trial thereon.

(3) That the petition disclosed no cause of action against him.

John C. Dodt pleaded an exception of no cause of action.

Valsin Jones excepted that the petition was too vague and indefinite, and, further, that the suit contained several causes of action against several parties; that he could not be joined with other parties, because the cause of action against him was separate and distinct from that of the others.

The district court sustained the exception of no cause of action, and dismissed the suit as to Dreyfous, saying that from plaintiff's averments he was consulted professionally and gave his opinion, and the opinion and advice in the letter as copied in the petition were the opinion and advice of an attorney that the title was not a merchantable one, and that plaintiff ought to sue Dodt manifestly for specific performance; that there was nothing actionable against Dreyfous in this in favor of the plaintiff, with whom he had no relations, professionally or otherwise. If he gave advice to his client that the title was not good, that was his privilege and duty, if he was of that opinion. If the advice was bad the client might sue him, but not the plaintiff. The exceptions filed by Dodt and Jones were overruled.

Plaintiff filed a supplemental petition, which was excepted to by Dodt and Jones,

the exceptions were overruled, and each finally, under reservation of exceptions, answered, pleading a general denial. Jones denied specially plaintiff's possession of the property. He admitted the registry of his title in the conveyance office, and annexed the same to his answer as part thereof.

The district court rendered judgment in favor of the plaintiff, decreeing her title to the property to be good, quieting her in her possession of the same, and condemning Dodt and Jones to pay costs, without any allowance of damages as against the defendant Dodt, but condemning the defendant Valsin Jones to pay $150 as damages. It further ordered and decreed that defendant Valsin Jones be ordered to sue the plaintiff on his alleged title within 30 days from the finality of the judgment, and, in default of thus acting, that the inscription of his title be erased from the conveyance records of the parish.

Jones obtained an order for a suspensive appeal, which he perfected by giving bond. Dodt did not appeal. On July 18, 1902, plaintiff filed a petition in which she alleged that Valsin Jones had appealed from the judgment, which appeal she declared she joined in, and asked for an increase of damages, and in which, alleging that she was otherwise aggrieved by the judgment on the exception dismissing her suit as to Felix Dreyfous, and the final judgment of the 26th of June, 1902, she prayed for an order of appeal returnable to the supreme court on the first Monday of November, 1902, and that John C. Dodt and Felix J. Dreyfous be cited according to law.

The court granted a devolutive appeal, returnable, as prayed for, on plaintiff's furnishing bond in the sum of $50. Plaintiff executed a bond, but neither Dodt nor Jones nor Dreyfous were cited, and her appeal has been dismissed.

The plaintiff filed no answer to Jones' appeal, and prayed for no amendment. The appeal is therefore before us solely as between plaintiff and Valsin Jones on the latter's appeal.

Plaintiff's only allegations in her original petition as to damages which she received are damages in the sum of $2,100, averred to have been occasioned by the false, malicious slanders and libels, not of Jones, but of Dodt and Dreyfous. The only allegations as to

Valsin Jones were "that she had just learned that one Valsin Jones, of New Orleans, had just registered a spurious, slanderous title." There is no averment of any connection, collusion, or privity between Jones and the other defendants. The only reference to Jones in the supplemental petition which plaintiff filed was that "she had been unable to find by search the registry of the title so called by Valsin Jones, but that her counsel and agent had been informed and assured by John G. Robin, one of Dodt's lawyers, that he had seen said Jones' pretended registered title, which was exhibited to him and published slanderously, either by his counsel, Watt, or by Jones himself, and that the description covered plaintiff's said property."

The prayer of plaintiff's petitions were for judgment in solido against John C. Dodt, Valsin Jones, and Felix Dreyfous in solido for $2,200, with legal interest from judicial demand, and for judgment that her title was good and valid in law, and quieting her in the same, with the enjoyment of her rights and possession of said property, and forever enjoining the defendants, John C. Dodt, Valsin Jones, and Felix Dreyfous, from disturbing her title and possession by slander or otherwise. There was no prayer that the defendant Valsin Jones be ordered to sue plaintiff on his alleged title within 30 days, or at all, or that, in default of so doing, the inscription of his title be erased from the conveyance records.

## Opinion.

We are not called on to discuss what may be the effect of the judgment appealed from as to John C. Dodt. We can only consider it as to its bearing upon Valsin Jones. It certainly was not intended to pass presently, as between plaintiff and Jones, upon the merits of their respective titles to this property. So far from doing this, the judgment ordered the latter to hereafter institute suit upon his title against the plaintiff. This decree is utterly inconsistent with the idea that the titles of these parties were already adjudicated upon. Plaintiff has not appealed, nor has she prayed in this court for an amendment of the judgment. We are powerless to change the situation otherwise than as it may prejudice Jones. The decree as it reads, while it leaves open the matter of title as

between Jones and the plaintiff, mulcts the former in damages and costs for having placed of record a title which he had acquired to this property. The title so acquired may be of no value to him when tested hereafter by the rights which plaintiff may have acquired to the property, but whether this be so or not remains to be hereafter ascertained. There is no law prohibiting him from purchasing the property from other parties, and, having done so, from protecting his acquired rights (such as they were) by registry. There is nothing to show that he was acting in this matter otherwise than in his own supposed interests; nothing tending to connect him with Dodt, as being in collusion with Dodt either to assist him or to injure the plaintiff. Should Jones hereafter institute suit on his title against the plaintiff for the recovery of this property, and succeed therein, matters would be in an anomalous condition, should he, in advance of judgment in his favor, have been forced to pay the losing party $150 and costs. There is error in the judgment in this respect. We think there was also error in ordering Jones to sue plaintiff upon his alleged title, and decreeing that, in default of his doing so, the inscription of his title be erased from the records. The judgment to that effect goes beyond the prayer of plaintiff's petition. Viewing matters from the standpoint of the final decree and the evidence disclosed in the record, we think the proper course to pursue is to reverse the judgment as to Valsin Jones and dismiss plaintiff's demand and suit as to him, without prejudice to any rights which either he or the plaintiff may have in respect to the property in litigation.

For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from, in so far as it is against and concerns the defendant Valsin Jones, be and the same is hereby annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that plaintiff's demand and suit against Valsin Jones be and the same is dismissed, without prejudice to any rights which either the plaintiff or the defendant Valsin Jones may have in respect to the property in litigation. It is further ordered and decreed that the plaintiff and appellee pay the costs of appeal and of the court below.