LAND, J.
This suit has been before us "twice on exceptions to the petition, which were maintained in the court below. On the ■first appeal we held that the allegations of :the petition were insufficient to support an action petitory or possessory or of slander of title, but might suffice to support an action in damages for trespass, and we re-7manded the cause with leave to amend. 114 •La. Ann. 707, 38 South. 525. In their an•swer the defendants disclaimed title and .possession, except as to 120 acres oí land ■purchased by them from Dismukes and Per>cy in the year 1890, and averred that they ’had been in possession of the same since the •-date of their purchase.
After the cause was remanded, the plain-stiffs amended their petition, and defendants ■excepted that it disclosed no cause of action, .-and that the allegations of possession were too vague and indefinite to serve as the basis ■of an action of slander of title. The exception was maintained with leave to amend the original petition so as to bring the action -within one of the four categories specified '-in 114 La. Ann. 707, 38 South. 525. Plain•¡tiffi, after a vain attempt to compel the judge '.by mandamus to try the cause on the issues presented in the amended petition, filed ta second amended petition, to which defendants excepted on six different grounds. The district court maintained the exception of ■no cause of action, except as to the allegations of trespass.
The plaintiffs appealed, but their appeal was dismissed as premature. . 117 La. Ann. 221, 41 South. 553. The case was tried as an action for damages for trespass, and there was judgment in favor of the defendants, from which plaintiffs prosecute this appeal.
Motion to Dismiss.
Defendants have moved to dismiss the appeal on the ground that the 120 acres of land in dispute is worth less than $2,000. The petition includes other demands, which, added to the conceded value of the land, gives this court jurisdiction ratione materise. The motion to dismiss is therefore overruled.