VICTORY OIL CO., INC. v. AUGUST VON SCHLEMMER

(October 31, 1927. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Account—Par. 11.**

In a suit on an open account, the allegation and affidavit that the defendant has failed to pay the account is sufficient; it is not essential to allege or attest that no part thereof has been paid.

2. **Louisiana Digest — Corporations — Par. 211, 215.**

A suit may be brought in the name of the Corporation without naming the president or other officer.

3. **Louisiana Digest—Account—Par. 5.**

A detailed statement of the sum due for the price of merchandise sold and delivered is an open account.

4. **Louisiana Digest—Account—Par. 12, 13; Judgment—Par. 42.**

An affidavit of the correctness of the open account is sufficient evidence to authorize a judgment by default.

5. **Louisiana Digest—Judgment—Par. 47.**

Where a defendant suffers judgment by default to be taken against him, he is presumed to have confessed the justice of plaintiffs' demand.

Appeal from First City Court, Hon. W. A. Bahns, Judge.

Action by Victory Oil Co., Inc., against August Von Schlemmer.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

E. R. Schowalter, of New Orleans, attorney for plaintiff, appellee.

H. L. Hammett, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J.   The plaintiff sued the defendant under the name of August Von Schlemmer and obtained a judgment by default against him.

The citation was addressed to him in that name and was served at domicile.

Notice of judgment was addressed to him also in that name and was served also at domicile.

From the judgment the following appeal was taken:

"On motion of Arthur Von Schlemmer (erroneously styled August Von Schlemmer herein), the defendant in the above numbered and entitled case, through his attorney, H. L. Hammett, and on suggesting to the court that defendant is aggrieved by the judgment herein rendered and signed on the 24th day of March, 1927; that said judgment is contrary to the law and to the evidence, and that mover desires to appeal suspensively and devolutively therefrom to the Court of Appeal for the Parish of Orleans; It is ordered by the court that a devolutive and suspensive appeal be granted to said Arthur or August Von Schlemmer, defendant herein, returnable to the Court of Appeal for the Parish of Orleans on the 11th day of April, 1927, upon said party furnishing bond with good and solvent security, according to law."

Upon April 4th, two days after the above order of appeal, the defendant filed another motion in the City Court in the following words:

On motion of Arthur Von Schlemmer (erroneously styled August Von Schlemmer herein) defendant herein, through his attorney, and etc.

In his brief the defendant and appellant, Arthur Von Schlemmer, charges four defects in the judgment, viz:

I. That the petition discloses no cause of action because it "alleges merely that defendant has not paid the total sum due without negativing the possibilty of part payment."

The petition alleges that plaintiff "sold and delivered unto the said August Von Schlemmer, defendant herein, certain gasoline, kerosene, lubricating oils and greases, on the dates, in the amounts, of the prices and kinds more particularly specified in the attached sale and delivery slips hereto attached and made part of this petition, all of which goods so delivered totalling the sum of $260.67.

"That despite amicable the said August Von Schlemmer has failed to pay your petitioner the sum so due."

To the petition are annexed eight several detailed and itemized bills for each one of the articles mentioned in the petition.

There is also annexed to the petition the following affidavit:

"Before me, the undersigned authority, personally came and appeared J. U. Suhor, who being by me first duly sworn according to law, deposes and says:   That he is Secretary of the Victory Oil Co., Inc., the petitioner in the foregoing numbered and entitled cause; that he has read the said petition and that all the allegations thereof are true and correct."

The allegations of the petition were sufficient in stating that the defendant had failed to pay the sum due.   It was not essential to have added that defendant had failed to pay any part thereof.

The defendant also argues that "where suit was brought by the Secretary of the corporation without any allegation or proof of authority to commence or prosecute the action on behalf of the corporation, an exception of no cause of action filed in the Court of Appeal will be maintained".

The learned counsel for defendant is in error in stating that the "suit was brought by the Secretary of the Corporation".   The petition reads:   "The petition of the Victory Oil Co., a corporation organized, etc., * * * with respect represents:".

The jurisprudence is now settled that a 'suit may be brought simply in the name of the corporation without naming its president or other officer".   New Orleans Terminal Co. vs. Teller, 113 La. 733 (736), 37 South. 624.

In Southern Sawmill Co. vs. Ducote, 120 La. 1052, 46 South. 20, the court said:

"In N. O. Terminal Co. vs. Teller, 113 La. 733, 37 South. 624, this court held that a corporation can sue in its own name, without designating its president or any of its other officers in the petition. In such a case the corporation appears through its attorney, who is presumed to have been properly authorized by the corporation to institute the suit."

In Police Jury vs. Police Jury, 145 La. 1054 (1064), 83 South. 250, the court said:

"The Police Jury, according to that jurisprudence, being competent to bring the suit, and it having been brought in its name, it is presumed, in the absence of a challenge under oath, of the authority of the counsel by whom it was brought, that he was properly authorized to that effect."

Section 16 of Act 267 of 1914, p. 527, does not affect these opinions.

The Act merely empowers the president of the corporation to authorize the institution of a suit in the name of the corporation without "special power from the Board of Directors".

II.   "Where the petition was directed against 'August' Von Schlemmer, where citation and notice of judgment were also directed in this name and judgment likewise rendered against 'August' Von Schlemmer, the judgment cannot be maintained against 'Arthur' Von Schlemmer, particularly under the circumstances of this case."

There is no question of that kind presented to us. The appeal is from a judgment against August Schlemmer, and the question is whether that judgment is correct. The suit was against "August" Schlemmer, the citation was addressed to him, and the judgment was rendered against him. The judgment is apparently according to law. "Arthur" Von Schlemmer has no interest to appeal from said judgment unless he has "been aggrieved by the judgment". C. P. 571. That question is not before us and can only arise if he admits that he is bound by the judgment or when an attempt shall be made to execute it against him. The appeal bond is in the name of Arthur Von Schlemmer as principal "from a final judgment rendered against him, and is signed by him".

III. "Where judgment by default was obtained without any testimony and upon the mere affidavit of one styling himself the secretary of the plaintiff corporation, the judgment will be set aside where there does not appear in the record any allegation or proof that the secretary was authorized to make the affidavit or that he had any personal or official knowledge of the facts."

The fact that the affidavit was annexed to the petition and that it was used to confirm the default is proof conclusive that the secretary was authorized to make the affidavit. The fact that the affiant swore that he was secretary of the plaintiff company and "that all the allegations thereof are true and correct" is, in absence of evidence to the contrary, sufficient proof that he knew whereof he was testifying.

It is not necessary that he should state the source of his knowledge.

IV. "Where judgment by default was obtained upon an affidavit attached to the petition and where the petition does not allege any open account between the parties, but merely that certain goods were sold, and delivered, the affidavit will not be considered as an 'attested account' under Code of Practice 1085 authorizing judgment by default upon a sworn account."

Counsel is mistaken in the number of the Article and in the use of the words "Attested account".

We have seen that the petition alleges that the plaintiff sold and delivered to the defendant certain gasoline, etc., on the dates and in the amounts and for the prices specified in the attached delivery slips totalling the sum of $260.67, which the defendant has failed to pay despite amicable demand, and that according to his affidavit annexed to the petition, one Suhor swears that "all the allegations thereof are true and correct". Upon this affidavit judgment was rendered against the defendant.

Act No. 90 of 1904, p. 209, amending Article C. P. 312, reads as follows:

Article 312. "If two days, whether judicial or non-judicial, but exclusive of Sundays and legal holidays, after the first judgment has been rendered, the defendant neither appears nor files his answer, definitive judgment will then be given for the plaintiff, provided he prove his demand. This proof is required in all cases, and when the demand is for a sum due on an open account, then an affidavit of the correctness thereof, before any competent officer, shall be prima facie proof."

Counsel for defendant argued that the bills annexed were not an open account; that an open account was a statement composed of several items with debits and credits, which was not the case here. This is an error. Whether there be one or more items of debit alone, and no credits, the account is still an open account. Goldman vs. Thomson, 3 La. App. 471, S. IV, was a suit for the price of merchandise sold and delivered.

The defense was "that the suit was upon a contract for sale of merchandise,

payable cash on delivery and not a suit upon an open account, and hence judgment was rendered on insufficient proof; that is to say upon the ex parte affidavit above noted." The court said:

IV. "It is plain from the allegations of the petition that the contract for merchandise, which was not paid for on delivery gave rise to a demand for a sum due on open account. Under these circumstances, an affidavit of the correctness of the account was prima facie proof of the demand and constituted sufficient evidence to justify a judgment by default, all as provided by Act 90 of 1904 amending Article 312 of the Code of Practice". Tate vs. Garland, 12 La. Ann. 525.

Article C. P. 360 reads as follows:

"When the defendant suffers judgment by default to be taken against him, the issue is joined tacitly, because such defendant is presumed by his silence to have confessed the justice of his adversary's demand; therefore, the plaintiff is allowed to proceed with his proofs in order to have the judgment confirmed."

In Electrical Supply Co. vs. Moses, 3 La. App. 236, we said:

"A judgment by default is a sufficient corroborative circumstance, with the testimony of one witness, to establish a claim amounting to more than $500. Leeds vs. Dubuys, 4 R. 257. Webster & Co. vs. Burke, 24 La. Ann. 137. Consentire videtur qui non negat."

See also 1 Greenl. S 18 and Roman and English authorities quoted in note. 9282 Orl. App., Allen vs. Lioteau. 9 M. 439, Fitz vs. Cauchoix. 2 N. S. 266, Lopez vs. Bergel. 7 La. 178 (181), Harrison vs. McCawley, 10 La. Ann. 270.

In Horton vs. Haratson, 130 La. 100, 57 South. 643, in which the suit was upon an open account for goods sold and delivered, the court said:

"The testimony made out at least prima facie proof, and it was then incumbent upon the defendants to show wherein the proof was insufficient."

The defendant has pointed out no error in the judgment, which is therefore affirmed.