**SEGAL v. HELIS et al. \***
**No. 5247.**

Court of Appeal of Louisiana. Second Circuit.
June 2, 1936.

*Rehearing granted June 26, 1936.

R. A. Fraser, of Many, for appellants.

Isaac Abramson, of Shreveport, for appellee.

TALIAFERRO, Judge.

This is a jactitation suit. Plaintiff purchased from V. O. Lusby, receiver of the Sabine State Bank & Trust Company, Manteris No. 1 well, the following described property: "That certain oil and gas lease given by the Sabine State Bank & Trust Company to J. H. Reeves, covering the SW¼ of SW¼, Section 28, Township 8 North, Range 11 West, Sabine Parish, Louisiana, Book 61, page 510, of the Records of Sabine Parish, Louisiana, and the oil well drilled on the above described lease, as well as all of the equipment and appurtenances used in connection with the above described lease."

He alleges that he and his ancestors in title have been in possession of said property for more than one year, and that the said receiver's sale vested in him, as owner, all of the oil, gas, and other minerals beneath the surface of said tract of land, by free and unencumbered title; that the multitude of persons made defendants, including J. H. Reeves, W. M. Knott, and J. H. McNeely, were slandering his title to the property by claiming to be the owners of interests therein or rights thereto, and by claiming to hold mortgages, liens, and/or privileges thereon; that said defendants had caused to be registered in the official records of Sabine parish, La., instruments purporting to vest in them the interests, rights, liens, mortgages, etc., above referred to; that the claims and assertions of interest in said property by said defendants "are false and untrue" and are causing damage to him; and that he is entitled to have the inscription of said instruments canceled from the records and to have judgment declaring him to be the absolute owner of the property described in the receiver's deed to him, free of any claim of defendants of any nature whatsoever. He lists the instruments, fifty in number, whose cancellation is specifically prayed for, by giving name of grantor, present claimant, instrument designation number, and the book and page where registered. The prayer in part is as follows: "* * * That there be judgment herein in favor of petitioner and against the defendants above named, quieting your petitioner in the possession of the above described property as owner and ordering the defendants either to set out their claims to the above described property on trial hereof; or to disclaim any title or

interest thereto whatsoever; that there be judgment in favor of your petitioner and against defendants, ordering W. E. Curtis, Clerk of Court and Ex-Officio Recorder of Mortgages of Sabine Parish, Louisiana, to cancel and erase from the conveyance records and mortgage records of Sabine Parish, Louisiana, the instruments described in paragraph 11 of the above petition, as well as any other instruments which may tend to affect the property above described or which interfere with your petitioner's free and unencumbered title thereof, and declaring your petitioner the owner of the above described property by a free, clear, unencumbered and absolute title. For all orders necessary, general and equitable relief."

Only one of the numerous defendants answered. Issue as to the remainder was joined by default. Judgment for plaintiff was rendered and signed on February 28, 1935. It is as follows:

"This cause having come up regularly for confirmation and trial, due proof having been adduced in support of plaintiff's demands; the law and evidence being in favor thereof;

"It is ordered, adjudged and decreed that there be judgment herein in favor of Morris Seigel and against the following named defendants: J. H. Reeves, J. H. McNeeley, W. M. Knott (and other defendants named in the petition), quieting the said Morris Seigel in the possession of the following described property, to-wit:

"That certain oil and gas lease given by the Sabine State Bank & Trust Company to J. H. Reeves, covering the SW¼ of SW¼, Section 28, Township 8 North, Range 11 West, Sabine Parish, Louisiana, recorded in Book 61, page 510, of the Records of Sabine Parish, Louisiana, and the oil well drilled on the above described lease, as well as all of the equipment and appurtenances used in connection with the above described lease.

"It is further ordered that there be judgment decreeing that the above named defendants are without any right, title or interest in and to the above described property whatsoever, and that said property of the said Morris Seigel be his by a clear and unencumbered title.

"It is further ordered, adjudged and decreed that there be judgment in favor of Morris Seigel and against defendants, and ordering W. E. Curtis, Clerk of Court and Ex-Officio Recorder of Mortgages of Sabine Parish, Louisiana, to cancel and erase from the Conveyance and Mortgage Records of Sabine Parish, Louisiana, all instruments purporting to affect the property above described and particularly those instruments described in paragraph 11 of the plaintiff's petition in this cause, insofar as they attempt to affect the above described property of the plaintiff, Morris Seigel."

The present appeal was taken by J. H. Reeves, W. M. Knott, and the heirs of J. H. McNeely, nearly one year after the judgment was signed. Reeves was personally served with process, while Knott and McNeely accepted service; neither filed answer.

■ Plaintiff, appellee, moved to dismiss the appeal for the reason that there is no note of evidence in the record nor agreed statement of fact by counsel, nor one by the court. He also filed a motion to expunge from the record certain documents incorporated therein for the reason that they were not introduced in evidence when the case was tried. The instruments objected to include a copy of the resolution of the directors of the Sabine State Bank & Trust Company, authorizing its president to execute mineral lease of the land described hereinabove, and other lands; the lease executed in pursuance thereof, assignments of interest therein to various persons, petition for and order placing the well and the alleged copartnership owning same in the hands of a receiver. Appellants' counsel admitted in argument that these instruments were incorporated in the record by the clerk of court at his suggestion. It is not contended that they were offered in evidence when the case was tried. The motion to expunge is well founded. The documents cannot be considered by us.

■ Since there is no note of the evidence adduced on trial of the case nor statement of fact by the court or counsel, in the record, the appeal must be dismissed unless there is error of law disclosed from the face of the record, to the prejudice of appellants, which may be corrected on appeal. Code of Practice, arts. 896, 897; State ex rel. Marrero v. Patterson, Sheriff, 134 La. 875, 64 So. 805.

■ It will be presumed that the lower court had before it and acted upon suf-

ficient evidence, admissible under the petition, to warrant rendition of the judgment appealed from, in so far as it adjudicates the issues appropriately raised thereby. State v. Nicol et al., 30 La.Ann. 628; Succession of John T. Moore, 42 La.Ann. 332, 7 So. 561; National Park Bank v. Concordia L. & T. Company, 154 La. 31, 97 So. 272; Southern Athletic Club v. Foster et al., 1 La.App. 310.

The object of a suit of this character is to protect possession. It admits of but three possible defenses, viz.: (1) Denial of plaintiff's possession; (2) denial of the slander; and (3) admission of the slander. In the last instance, if the admission of slander is accompanied by averments of title in defendant, the action thereby undergoes a transition and the defendant's position is henceforth that of plaintiff in a petitory action. In such case, to recover, he must depend upon the strength of his own title and not on the weakness of his adversary. McConnell v. Ory, 46 La.Ann. 564, 15 So. 424; Miller v. Lumber Company, 134 La. 225, 63 So. 883; Gay v. Ellis, 33 La.Ann. 249; Dalton v. Wickliffe, 35 La.Ann. 355.

But in the case at bar, appellants not having answered, no issue of title is tendered. To make out his case, plaintiff only had to prove possession as owner and that defendants were slandering his title. By suffering judgment by default to be taken against them, defendants are presumed to have confessed the justice of plaintiff's demands. Code of Practice, art. 360; Victory Oil Company v. Von Schlemmer, 7 La.App. 289.

The judgment sustains plaintiff's possession and in effect condemns defendants as slanderers of his title, but goes further than the law authorizes by passing on the question of title and ownership claims of both sides.

Appellants' position is disclosed from the following taken from their counsel's brief:

"1. Could the Receiver of the co-partnership, formed by the co-owners of the sub-oil and gas lease, sell the real estate (the sub-lease) belonging to the co-owners?

"2. If the Receiver had a right to sell the sub-lease at all, could the Receiver, by such sale, transfer to a purchaser a title free from stipulations and conditions or obligations of the title which were clearly binding on the Receiver and the partnership or co-owners whom he represented?

"3. Could the court, in a slander of title suit, in rendering default judgment, decree that the recorded title of defendants be cancelled and erased from the Records?

"4. If it should be held that in this proceeding the purchaser at Receiver's sale had a right to have cancelled and erased the sub-lease which was the only title the Receiver could pretend to transfer, would the legal effect of such cancellation be to confirm the purchaser's title to the original lease, or would it legally have the effect of destroying the purchaser's title and restoring the title to the oil and gas lease to Reeves, Knott and McNeely, the sub-lessors?"

The first and second propositions clearly involve the validity and effect of the receiver's deed to plaintiff, and as no issue relative thereto was raised by answer, certainly such may not now be injected into the case. In addition, to intelligently pass on the legal points propounded by these two questions, we necessarily would have to consider some of the expunged documents. We think the third question has merit. It calls to our attention an error of law patent upon the face of the record. It challenges the legality of that part of the judgment which orders the cancellation of the recorded evidence of appellants' rights and interests in and to the mineral lease now claimed in its entirety by plaintiff. It must not be overlooked that the merits or validity of title, or lack of such, in either side, was not an issue in the case when the default was confirmed. Such an issue could not be created by enlargement of the pleadings by the introduction of evidence not primarily admissible under the allegations of the petition. Craver v. Gillespie, 148 La. 182, 86 So. 730; Wilson & Gandy v. Cummings (La.App.) 150 So. 436.

The judgment in some respects does not logically follow the prayer of the petition, in that plaintiff prayed that defendants be ordered to either set out their claims to the property involved herein, or to disclaim any title or interest thereto whatsoever. This sort of prayer is appropriate to a suit of this character. Judg-

ments have been rendered in keeping therewith. Packwood v. Dorsey, 4 La.Ann. 90; Handlin v. Dodt, 110 La. 936, 34 So. 881; Potts v. Reynolds, 131 La. 421, 59 So. 837.

The situation resulting from the judgment is that appellants, as they may have rightfully assumed would be done, have not been ordered to do anything. Their titles and rights have been ordered canceled without there being an issue raised by the petition which would have brought to their knowledge and attention the possibility that such would be done.

True it is that plaintiff prays to be declared the owner of the property, but such an issue may not be grafted to a slander of title suit by the plaintiff. Defendants could have forced the issue by proper allegations in an answer. The character of the action was not altered by this part of the prayer.

Our ruling on question 3, propounded by appellants, obviates a specific ruling on the fourth question raised by them.

For the reasons herein assigned, it is ordered, adjudged, and decreed that there be judgment herein in favor of appellants and against plaintiff, amending the judgment appealed from by deleting therefrom the following: "It is further ordered that there be judgment decreeing that the above named defendants are without any right, title or interest in and to the above described property whatsoever and that said property of the said Morris Seigel be his by a clear and unencumbered title. It is further ordered, adjudged and decreed that there be judgment in favor of Morris Seigel and against defendants and ordering W. E. Curtis, Clerk of Court and Ex-Officio Recorder of Mortgages of Sabine Parish, Louisiana, to cancel and erase from the Conveyance and Mortgage Records of Sabine Parish, Louisiana, all instruments purporting to affect the property above described and particularly those instruments described in paragraph 11 of the plaintiff's petition in this cause, insofar as they attempt to affect the above described property of the plaintiff, Morris Seigel"— and, as thus amended, said judgment is affirmed; costs of appeal are assessed against plaintiff.