## SEGAL v. HELIS et al.

No. 5247.

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

R. A. Fraser, of Many, for appellants.

Isaac Abramson, of Shreveport, for appellee.

TALIAFERRO, Judge.

The issues, facts, and pleadings in this jactitation suit are fully discussed, analyzed, and commented upon in the opinion and decree formerly rendered by us. 168 So. 364. We shall not here restate them in full, contenting ourselves in this respect by briefly referring to them to the extent needful to the present opinion.

In his application for rehearing, and brief supporting it, appellee (plaintiff) seriously complains of our decree which amended the judgment of the lower court by eliminating therefrom those portions which adjudge plaintiff to be the owner of the property involved, by free and unencumbered title, and that defendants have no rights therein, and ordering the clerk of court to cancel from the records of Sabine parish the inscription of the various instruments referred to in the petition, alleged to be invalid and a cloud on his title. Our decree simply recognized plaintiff's possession of the property involved and quieted him in that possession to the extent adjudged by the lower court.

After further consideration of the issues raised and argued by appellee and a restudy of the jurisprudence pertinent thereto, we are unchanged in the opinion that as plaintiff has instituted and yet persists in his suit as being one of jactitation, or slander of title, and judgment being taken on default, he is not entitled to have the validity and effectiveness of the instruments beclouding his title inquired into herein; that to do so necessarily involves an examination into and passing upon plaintiff's title to the extent, at least, that it is affected by the record of these instruments.

Plaintiff specifically prays that as owner he be quieted in the possession of the property described in his petition and that defendants be ordered "either to set out their claims to said property on trial hereof, or to disclaim any title or interest thereto whatsoever." He follows this prayer with one for judgment ordering the clerk of court to cancel the instruments beclouding his title from the records of his office, and finally prays for judgment, "decreeing your petitioner the owner of the above described property by free, clear, unencumbered and absolute title."

The first above quoted parts of the prayer are appropriate to a slander of title action, and, as said in our original opinion, defendants were within their rights to assume that judgment would be rendered pursuant thereto, after which they could have their day in court. It will be noted that it is prayed that "on trial hereof," these defendants be ordered to sue to vindicate their claims or disclaim title to the property. The import of this language is clearly that, if defendants did not disclaim title, they would be ordered to institute suit to test out their claims against or to the property. It is inconsistent therewith to then pray to be recognized as owners of the property in the same judgment which orders defendants to take action. The only way we see to reconcile these two opposing clauses of the prayer is to construe the latter as having reference to an anticipated action wherein the issue of title vel non would be directly raised.

In Bossier's Heirs v. Hollingsworth & Jackson, 119 La. 500, 44 So. 278, it was

held: "A petitory action and an action in jactitation or slander of title and an action for damages for trespass should not be cumulated in the same suit."

Appellee also complains that our former decree gives him no real relief; that to simply recognize his possession of the property leaves him where he stood before the suit. We might suggest that he is not without his remedy if defendants do not take the initiative to tender the issue of title. Willis v. Wasey, 42 La.Ann. 876, 8 So. 591, 879.

 We think, however, that we should have gone further in our decree, in response to plaintiff's prayer, and ordered appellants to bring suit to test out the question of title which plaintiff seeks to have tried in this action. We are of the opinion that no court has the power to order a defendant in an action of this character to institute suit within a given time or incur an immediate, drastic penalty on failure to do so. This was expressly held in Young v. Town of Morgan City, 129 La. 339, 56 So. 303, 304, which has not been overruled. In that case the lower court recognized plaintiff's possession and enjoined defendant from trespassing thereon, and ordered it to bring a petitory action against plaintiff within thirty days for the land involved; and in default of doing so within that period, "defendant was prohibited, enjoined, and debarred from asserting title to the land." The syllabus in that case reads as follows: "Defendant in a jactitation suit can be condemned by judgment of court to file suit against plaintiff, setting up his title to the property in controversy, but not within a limited time, under the penalty of being thereafter prohibited from filing such suit. Proctor v. Richardson, 11 La. [186] 188; Packwood v. Dorsey, 4 La.Ann. [90] 94."

In such a case, the only penalty the defendant incurs for not complying with the court's order is that of being in default against a judgment which recognizes his adversary's good-faith possession which, of course, in the course of time automatically develops important and valuable attributes.

In Packwood v. Dorsey, 4 La.Ann. 90, 95, the court said: "In an action for the slander of title to property we see no reason why a judgment should not be rendered, ordering the defendant to institute his suit in order to establish his asserted pretensions to the property which he may set up. This judgment will stand to the plaintiff as a perpetual default of the defendant. But we know of no authority on the part of the court to fix any term, within which the party can be compelled to assert his rights under the penalty of being deprived of them."

Inasmuch as only three of the numerous defendants have appealed, the decree we herein render is effective only as regards them and the appellee. Other defendants not having appealed, the judgment of the lower court may not be amended or altered so far as they are concerned.

For the reasons assigned, our former decree herein is now reinstated and made the final decree in the case with this amendment, to wit, that appellants, J. H. Reeves, W. M. Knott, and the heirs of J. H. McNeely, deceased, are hereby ordered to institute suit against plaintiff in revindication of the rights, claims, and privileges asserted by them in this case, or appearing upon the public records of Sabine parish, to, on, or against the property described in plaintiff's petition, and as amended, the judgment appealed from is affirmed; costs are assessed against appellee.