REGAN, Judge.
Plaintiff, Joseph J. Goldberg, filed this suit on an open account against Larry Borenstein, doing business under the trade name of “Old Quarter Stamp Shop”, endeavoring to recover the sum of $235.25 for certain stamps sold on consignment to defendant in May of 1951.
From a judgment by default in favor of plaintiff, defendant has prosecuted this appeal.
The petition reveals that plaintiff, in May, 1951, sent to defendant, in conformity with his order and request, on a consignment basis, certain stamps totalling $587.50, which is substantiated by copies of the invoices and an itemized statement attached to plaintiff’s petition. These stamps 'were received by defendant on a fifteen and twenty day consignment and although defendant has returned some of the stamps and has made cash payments in the sum of $70 on account of his total indebtedness, he has neither returned the remainder o'f the stamps nor paid the balance due thereon amounting to $235.25, despite innumerable demands.
Citation was personally served upon defendant in 712 Royal Street by the Deputy Constable of the First City Court on January 17,- 1952.
Defendant failed to answer although he appeared through counsel, by motion, and asked for and was granted ten additional days in which to do so.
We have not had the benefit of briefs from either counsel. On May 16, 1952, when this matter was .called for trial, only counsel for plaintiff appeared, who requested that he be permitted to submit the matter on the record which was granted.
The record reveals that counsel for plaintiff offered in evidence the petition, the affidavit annexed thereto, the itemized statement of account, the affidavit verifying the correctness thereof, citation and the constable’s return thereon showing personal service on the defendant on January 17, 1952, the affidavit of counsel for plaintiff to the effect that defendant is not in the Armed Forces of the United States and the notation of the docket clerk reflecting that no answer was filed in this matter as of February 13, 1952, the day on which judgment was read and rendered. The judgment was signed on February 19, 1952.
Article 312 of the Code of Practice reads:
“If, two days (whether judicial or non-judicial but exclusive of Sundays and legal holidays) after the first judgment has been rendered, the defendant neither appear nor file his answer, definitive judgment will then be given for the plaintiff, provided he prove 'his demand. This proof is required in all cases, and when the demand is for a sum due on an open account, then an affidavit of correctness thereof, before any competent officer, shall be prima facie proof.”
The affidavit relative to the correctness of the open account is sufficient evidence to authorize the rendition of a judgment by dafault. Since the defendant judgment by default. Since the defendant permitted judgment by default to be rendered against him, he is presumed to have confessed the justice of plaintiff’s demand. *174 Victory Oil Co. v. Von Schlemmer, 7 La.App. 289.
The record adequately supports the judgment appealed from and, accordingly, it is affirmed.
Affirmed.