TATE, Judge.
This is an appeal from a judgment sustaining defendant’s exception of improper cumulation of real actions, and ordering plaintiff to elect which of two actions to proceed upon.
In this suit, plaintiff prayed that defendants be ordered to disclaim any title to certain property situated in the Town of *191 Mandeville, or to assert herein such rights as they may have; further praying for judgment “recognizing petitioner as the true and lawful owner * * * and as such entitled to full and undisturbed possession” of said property; and for cancellation of a description of said property in a judgment of possession recognizing defendants as heirs thereto, allegedly a cloud on petitioner’s title. These demands were not pleaded in the alternative.
On April 19, 1954, after argument and briefs, the trial court sustained defendants’ exception of “cumulation of inconsistent actions, namely an action of slander of title and the petitory action”, and orally ordered “plaintiff to amend the prayer of his petition by electing as to which of two actions he intends to proceed on and grants plaintiff 30 days from date in which to amend said prayer”.
On October 22, 1954, plaintiff prepared and the trial court signed a judgment ordering plaintiff “to elect instanter” to proceed either “upon the possessory action or upon the petitory action”. This same judgment dismissed this action as of non-suit, upon plaintiff’s failure to comply with this order. Plaintiff appealed devolutively from this judgment.
The action of jactitation (slander of title), being founded exclusively on possession, is governed by Code of Practice Articles 46 through 60 under the title, “Pos-sessory Actions”, Bell v. Saunders, 139 La. 1037, 72 So. 727, Brashears v. Chandler, La.App. 1 Cir., 183 So. 546. See Comment, “The Action of Jactitation”, 12 Tulane Law Review 254, and the authorities cited therein. The petitory action, of course, is to establish title to property, but one of the prerequisites is that the plaintiff be out of possession of said property, Article 43, C. P.
Article 55, Code of Practice, positively prohibits the joinder of “petitory and possessory” actions except by consent of parties. In fact, Articles 54, 57, and 150, C. P. provide that a plaintiff suing for both ownership and possession is presumed to have abandoned the possessory action in order to pursue the petitory action. (However, defendants-appellees by exception filed, and by statements in their oral argument and briefs, demand only that plaintiff elect either the jactitory or the petitory action, the two involving contradictory factual allegations and defenses.)
Even upon confirmation of default, plaintiff-appellant herein would not have been entitled to have judgment both sustaining his possession and decreeing him to be the owner of the property. In Siegel v. Helis, 186 La. 506, 172 So. 768, also Segal v. Helis, La.App. 168 So. 364; Id., La.App., 170 So. 276, a default judgment decreeing both possession and title in plaintiff was specifically amended upon appeal to delete recognition of plaintiff’s title. The plaintiff’s prayer therein, see Court of Appeal report, 168 So. 365-366 was almost identical with that of the present plaintiff-appellant. The Supreme Court stated that the object of a jactitory (slander of title) suit “is to protect possession, not to establish title, unless defendant tenders that issue in his answer”, 172 So. 768 at page 769. (Italics ours.) Without exception, the many jactitory suits deciding title cited by plaintiff-appellant did so only after defendant by answer admitted the slander and claimed title (along with the burden of proving it), as permitted.
Apparently the gravamen of plaintiff-appellant’s complaint is that, having alleged he was in possession of the premises, he cannot establish his title by a petitory action, Article 43, C.P. On the other hand, should he abandon the petitory action and elect to pursue his jactitory action, defendants have excepted to his suit on the ground that plaintiff lacks “sufficient possession” to institute an action of jactitation, this exception in limine litis being required in jactitory suits by LSA-R.S. 13:5063, 13 :5064. Should defendants prevail on this issue of possession, then plaintiff having already relinquished his petitory action would be out of court in this particular suit.
These possible results, alas, are but one more indication that, like most real actions, the jactitory action is “circuitous, unreasonably technical, and unduly onerous *192 on all parties”, Comment, “The Action of Jactitation”, 12 Tulane Law Reveiw 254 at 262. But the courts are powerless to alter jurisprudence so well established, and the legislature must afford any relief. It should further be pointed out that the jurisprudence prohibiting cumulation of inconsistent demands, specifically permits pleading of inconsistent demands in the alternative, “that is, when the demand urged secondly is made only on the condition that the demand first made should not be granted.” Haas v. McCain, 161 La. 114 at page 119, 108 So. 305, 306; Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627.
We do not feel that plaintiff was aggrieved by the order of the trial court ordering the election of remedy, and we are further inclined to agree, as urged by defendant in motion to dismiss the appeal, that the court’s ruling herein is interlocutory in nature and does not cause plaintiff irreparable injury.
But pretermitting this question, since as pointed out by defendant in alternative answer to the appeal, the written judgment appealed from as prepared by plaintiff’s counsel inadvertently interpreted the court’s oral ruling as set down in the minutes of the court, and required plaintiff to elect “instanter” (instead of “within thirty days”) to proceed either upon a “possessory” (instead of “jactitory”) or upon a petitory action; since as drafted, the judgment might be construed a final judgment of dismissal; we will amend the judgment as suggested by defendant to conform with the actual ruling of the trial court and affirm same, rather than dismiss the appeal.
For the above reasons, the judgment of the trial court herein dated October 22, 1954, is amended to provide that plaintiff must elect within 30 days from the time this judgment becomes final to proceed either upon the action of jactitation or upon the petitory action; failing which election, this suit will be dismissed as of non-suit at plaintiff’s cost.
All costs of this appeal are to be paid by plaintiff-appellant; all other costs to await final determination of these proceedings.