because they are not residents of the town of Mansura.

The plaintiffs sought to meet this ground of objection of defendants by arguing substantially that every citizen of the parish was interested in enforcing the parish ordinances against issuing liquor licenses, that the citizens of the town are equally with themselves a part of the parish, and that it is not left to them alone to determine whether a parish ordinance should be enforced within the limits of the town.

We do not agree with that view, presented by plaintiffs. We are decidedly of the opinion that the town has some authority which is beyond the power of private individuals, not residents within its limits.

The ordinance attacked under proceedings of election and the licenses referred to are primarily concerns of the taxpayer who resides within the limits of the town. Persons residing out of the limits of the town must leave the enforcement of parochial regulations and ordinances to its local agencies.

The municipality is a body corporate, subject to superior authority, it is true; but it is not subject to suits by citizens to enforce duties of a moral nature. Citizens have no interest in the alleged acts of the town of Mansura, if they are illegal.

An action is an assertion in a court of justice of a right given by law. In conferring the right upon the citizen to sue in certain contingency the authorities representing the corporation within whose limits he resides, it does not confer upon him the right to sue the authorities of a corporation in whose jurisdiction he does not reside, in order to have declared null a public ordinance.

We are of opinion that the exception should be maintained. The judgment appealed from is avoided, annulled, and reversed.

The suit is dismissed, at the cost of appellees in both courts.

(41 South. 57.)

No. 16,019.

MARSHALL et al. v. TOWN OF MARKS-VILLE et al.

(April 23, 1906.)

1. APPEAL—ON MOTION TO DISMISS.

The grounds of the motion to dismiss are not sustained by the facts alleged and the issues of the case.

2. INJUNCTION—ACTION BY TAXPAYERS—PRIVATE RIGHTS—IRREPARABLE INJURY.

Persons have not in their private capacity a right to an injunction to enforce moral obligations and the performance of moral duties.

Plaintiffs have no personal interest in the suit.

(Syllabus by the Court.)

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; Gregory Horatio Couvillon, Judge.

Action by J. H. Marshall and others against the town of Marksville and others. Judgment for plaintiffs. Defendants appeal. Reversed, and action dismissed.

Peterman & Couvillon and Coco & Couvillon, for appellants. Joseph W. Joffrion, Joseph Clifton Cappel, and Adolph Jalmeus Lafargue, for appellees.

On Motion to Dismiss the Appeal.

BREAUX, C. J. Plaintiffs move to dismiss the appeal on the ground that the court is without jurisdiction ratione materiæ.

We have considered the issues presented in this case touching jurisdiction, and have arrived at the conclusion that this court has jurisdiction and that appellees were without ground to move for a dismissal of the appeal.

The motion is denied.

On the Exception.

The plaintiffs are citizens and taxpayers of the parish. They instituted this suit against the defendant town to set aside and annul an election held in the town and carried in favor of issuing licenses for the sale of liquor for the year 1906.

And the further purpose of the suit is to have declared a nullity an ordinance of the town council fixing licenses for the sale of liquors.

The plaintiffs in these proceedings aver that the parish of Avoyelles, in November, 1904, held an election under the local option law. This election was carried in favor of granting a license for the sale of liquors.

Before pleading to the merits the defendants filed an exception in which they controverted plaintiffs' right to prosecute this suit and stand in judgment.

The exception was overruled.

The facts made the basis of this exception are that plaintiffs have no interest to stand in judgment.

The plaintiffs sought to meet this ground of objection, urged in the petition, by the plea, substantially, that every citizen of the parish is interested in enforcing parish ordinances against issuing liquor licenses.

The suit of plaintiffs is accompanied by a writ of injunction against the officers of the town of Marksville to the end of preventing them from issuing licenses under the election of the town recently held.

The exception before mentioned was overruled.

Defendants then filed their answer, in which they took issue with plaintiffs, and in support of their contention against plaintiffs' demand they averred that the result of the election held throughout the parish in November, 1904, in favor of prohibition, is not binding upon the defendant town, and does not have the effect of striking down, as null, the result of the election held in the town on the 1st of December, 1905.

The defendants urge the fact that the town election was held over a year after the date of the parish election.

The further contention of the defendant town is that section 1211 of the Revised Statutes, amended by Act No. 221, p. 451, of the General Assembly of 1902, did not invest the parish with continuing authority as relates to liquor licenses over the town.

Defendants' exception on the ground that plaintiffs do not show actionable interest: Plaintiffs sue in their own behalf and that of others similarly situated, taxpayers and citizens. In what respect plaintiffs and other taxpayers are to be effected in any right they have is not shown, for the very good reason, no doubt, that it cannot be shown.

In the recent decision, to wit, W. S. Benedict v. City of New Orleans, 115 La. 645, 39 South. 792, the court intimated broadly enough that there is a limit to the right of action by citizens and taxpayers in matters that are public and in which they are not concerned.

While citizens and taxpayers have a right to inquire into things relating to the public fisc in which they are concerned, they have no right of action in matters purely moral, political, or social, in which the public is concerned, and not private persons. This is the trend of all decisions, although it may be that here and there it is possible to wrench a different meaning from the texts.

The right of injunction is to protect property and civil rights, and not to enforce moral obligations and the performance of moral duties. "And in the absence of any injury to property rights it will not lend its aid by injunction to restrain the violation of a public or penal statute." High on Injunction, § 20.

Moreover, irreparable injury must be shown. It would be difficult for the plaintiffs to prove wherein they are irreparably injured to a degree which renders an injunction necessary in so far as they are concerned.

The jurisdiction of courts of equity to restrain the proceedings of municipal corpora-

tions at the suit of citizens and taxpayers, where such proceedings encroach upon private rights and are productive of irreparable injury, may be regarded as well established. Dillon on Municipal Corporations (4th Ed.) § 914.

Here there is no encroachment upon private rights and no irreparable injury shown.

We will therefore maintain the exception and dismiss the action. This relieves us from the necessity of passing upon the other point raised on the merits; that is, whether the town is emancipated from parish action, 12 months having elapsed. The judgment appealed from is avoided, annulled, and reversed.

It is ordered that plaintiffs' action be dismissed, in both courts at their costs.