THOMPSON, J.
 

 The plaintiff, a resident and taxpayer of this city, sought from the civil district court a mandamus to compel the defendant^ as state health officer, to appoint a parish board of health for the parish of Orleans.
 

 The petition alleges that, as no health board for said parish had been appointed by the authorities designated and empowered primarily to make such appointment, within the time provided by Act 79 of the Special Session of the Legislature of 1921, it became the ministerial and mandatory duty of the defendant under said statute to make the said appointment.
 

 It is alleged that, notwithstanding due notice and demand was made on the defendant, he persists in declining and refusing to perform his legal duty.
 

 A rule nisi was issued against the defendant to show cause on a day named why the writ of mandamus as prayed for should not be issued.
 

 The defendant through the Attorney General appeared, 'and among other defenses pleaded in bar of relator’s action an excep-. tion of no- right and of no cause of action. The board of health of the city of New Orleans, through its proper legal officer, intervened and also excepted to the petition as presenting no legal interest and cause of action on the part of relator. The city of New Orleans, through the city attorney, likewise intervened and filed a similar exception.
 

 On the trial of the rule nisi, the alternative writ of mandamus was recalled, and the relator’s application was dismissed.
 

 The relator appealed, but has not followed up his axjpeal by an ax>pearance in this court either by brief or oral argument. The sole axxpearance is by brief filed on behalf of the city by the city attorney.
 

 Section 11, art. 6, of the Constitution of 1921, directs the Legislature to create for the state and for each xiarish or municipality therein boards of health, and to define the duties and powers of such boards.
 

 At the special session of the Legislature following the adoption of the Constitution, Act No. 79 was passed, section 11 of which provides that each and every parish in the state shall establish and organize parish boards of health in the following manner:
 

 “The police jury of each parish shall immediately after the promulgation of this act and hereafter not later than the third regular meeting in the new police jury term, elect and appoint a parish board of health to consist,” etc.
 

 It was further provided that, in the event of the failure or refusal or neglect of the police jury of any parish to elect a parish board of health within 60 days after the going into effect of this act, then and in that event the state health officer shall forthwith apxDoint the parish board of health.
 

 It is conceded that the city of New Or
 
 *709
 
 leans embraces the entire territory of the parish of Orleans; that the parish of Orleans as such is not governed by a police jury nor by any board or legislative body having or exercising similar powers and functions as are conferrecj. on the police juries of the various other parishes of the state.
 

 It is also admitted that the city of New Orleans has a city board of health functioning as such, and that its powers and duties extend over and embrace the entire territory and population of the said parish of Orleans.
 

 From which it is contended by defendant and interveners that the statutory provision requiring the state health officer to appoint a parish board of health in default of action on the part of the police jury has no application to the parish of Orleans.
 

 The conclusion which we have reached on the other part of the exception renders it unnecessary to consider this phase of the defense to relator’s application. The primary question, and the one which in our opinion is conclusive against relator’s demand, is his want of legal right and lack of special interest judicially to demand the performance of a statutory duty imposed upon a public officer or functionary of the state.
 

 It is to be observed that the sole basis of relator’s right of action, as disclosed by the' petition, is that he has a pecuniary interest in the preservation and promotion of the health and welfare of the said parish, and ■ that relator’s interest exceeds in value the sum of $2,000, and that he has no adequate remedy at law and no other means to compel the appointment of a parish health board for said parish of Orleans by said state health officer except by the writ of' mandamus.
 

 There is no allegation of fact to be found in the petition going to show any special pecuniary or financial interest of relator that will be protected or promoted by the appointment of a parish board of health, or that will be prejudiced or injuriously affected by the failure of the defendant to make the appointment as requested.
 

 There is no allegation, and there could be none, to the effect that the state health officer owes to the relator any peculiar or special duty which he has failed to perform; but, on the contrary, it is perfectly obvious, from the relator’s petition and from the inherent nature of the relief the relator seeks and the subject-matter of his demand that the duty imposed on the defendant — if any duty there be at all — is due to and is to be exercised for, in the interest and on behalf of the people in common and the public at large.
 

 There is no individual and personal interest and benefit that can possibly arise from the failure of the defendant to appoint a parish board of health, which would be peculiar or exceptional to the relator as a citizen and taxpayer of the parish of Orleans. Whatever interest the relator may have in the proper performance by the defendant officer of his duty in making the appointments in question is clearly such as concerns in common if not the whole people throughout the state over which the-said officer exercises the duties and functions incident to his office, certainly the entire population of the parish of ’Orleans where the health board if appointed is to function.
 

 There ought to be, it would seem, no divergence of opinion on this question, but it must be admitted that there is some conflict of views among the law-writers and some lack of harmony in the jurisprudence. But we think the great weight of authority is decidedly to the effect that, without some peculiar, special, and individual interest, a citizen, though he be a taxpayer, has no standing in court to champion a cause or subject-matter which pertains to the whole" people in common, nor has an individual citizen a legal standing in court to enforce the performance of a duty which a public officer owes to the
 
 *711
 
 public at large, unless it clearly appears that such individual citizen has a special and peculiar interest in the performance of such duty apart from the interest which he has as one of the general public in having the duty performed.
 

 In 26 Cyc., at page 401, after stating that the authorities are not in harmony as to the right of an individual to enforce a public right or to compel the performance of a public duty by mandamus, it is said:
 

 “The true distinction seems to be that where the right or duty in question affects the state in its sovereign capacity as distinguished from the people at large, the proceedings must be instituted by the proper public officer; but that, if the general public as distinguished from the state in its sovereign capacity is affected, any member of the state may sue out the writ.
 

 “However this may be, it is unquestionably the law that, if a private individual has a special and peculiar interest in the enforcement of a public right or the performance of' a public 'duty apart from the interest that he has as a member of the people at large, he is entitled to protect or enforce it by mandamus. * * :{:
 
 if
 

 . The author also states that, although the right or duty sought to be' enforced is a public one, yet if the public interest is not injuriously affected by a breach thereof, a private individual cannot enforce it solely in behalf of the public; and, if an individual sues, not in behalf of the public, but Solely in his own behalf, he must have a special pecuniary interest in the matter and a clear legal right to the relief asked, else the writ will not issue. In the instant case the relator does not pretend to sue in behalf of the public but solely on his own behalf as an individual citizen and taxpayer.
 

 It is made the duty of the Governor to see that the laws are properly and faithfully executed, and to this end he is authorized to require information from the various officers in the executive department upon any subject relating to the duties of their respective offices. Sections 13 and 14, art. 5, Constitution 1921.
 

 If, as contended by the relator, it is the mandatory duty of the defendant officer to appoint a parish board of health for the parish of Orleans, and if the failure to perform that duty injuriously affects the interest of the public or of the people of the parish of Orleans, the duty
 
 of
 
 making the appointment must be enforced, if at all, by the Governor through the proper legal department of the state, and not at the suit of an individual citizen.
 

 In the case of Marshall v. Town of Marks-ville, 116 La. 746, 41 So. 57, certain citizens and taxpayers sought to enjoin the town from issuing liquor licenses under an ordinance and an election which they sought to have declared null and void. The suit was met by an exception as to plaintiffs’ right to prosecute the suit on the ground that they had no interest to stand in. judgment. This court said:
 

 “Defendant’s exception on the ground that plaintiffs do not show actionable interest: Plaintiffs sue in their own behalf and that of others similarly situated, taxpayers and citizens.
 

 “In what respect plaintiffs and other taxpayers are to be affected in any right they have is not shown, for the very good reason, no doubt, that it cannot be shown.
 

 “In the recent decision, to wit, W. S. Benedict v. City of New Orleans, 115 La. 645, 39 South. 792, the court intimated broadly enough that there is a limit to the right of action by citizens and taxpayers in matters that are public and in which they are not concerned.
 

 “While citizens and taxpayers have a right to inquire into things relating to the public fisc in which they are concerned, they have no right of action in matters purely moral, political, or -social, in which the public is concerned, and not private persons. This is the trend of all decisions, although it may be that here and there it is possible to wrench a different meaning from the texts.”
 

 We deem it unnecessary to discuss the subject further, or to cite other authorities. Our conclusion is that, if it is the duty of the de
 
 *713
 
 fendant to appoint a health, board for the parish of Orleans, the enforcement of the performance o£ that duty devolves upon the proper officers of the state, and that the relator as an individual and taxpayer is without special or peculiar interest to invoke the aid of the courts in that respect.
 

 The judgment appealed from is affirmed.