PONDER, Justice.
 

 The plaintiffs, C. R. Carle, A. B. Hickman, K. K. Keeley, E. F. Troegel, and F. D. Manning, citizens of the city of Shreveport, sought from the district court a mandamus to compel Sam S. Caldwell, mayor of the city of Shreveport, to enforce and execute the laws and ordinances of the city with reference to all violations thereof and particularly to order the arrest and prosecution of A. L. Luttrell, Jack Cox, John T. Maple, and John W. Glover on four particular affidavits charging them with violating Ordinance 158 of 1927:
 

 “An ordinance creating the office of City Electrician, prescribing rules and regulations for the construction, repair and maintenance of all electrical apparatus in the City of Shreveport, including telegraph, telephone, electric railway, electric light or power companies, and providing for the inspection of same; and of the inspection of all electric apparatus, wires or appliances operating at a difference of potential of 13 volts or more, and fixing fees therefor, and providing penalties for the violation of this ordinance, and repealing all ordinances in conflict herewith.”
 

 Plaintiffs allege in their petition that they are residents, citizens, and qualified electors of the city of Shreveport; that on or about the 18th day of January, 1935, C. R. Carle filed two affidavits in the municipal court of jhe city of Shreveport charging one A. L. Luttrell and one Jack Cox with violating subsection F, section 7, of Ordinance 158 of 1927, in that they, “did actually and continually supervise, direct and superintend the installation of electrical work in the City of Shreveport, Louisiana without first securing a Master Electrician’s certificate from the Electrical Department of the City of Shreveport.”
 

 Subsection F, section 7, of Ordinance 158 of 1927, reads as follows :
 

 “Every Master Electrician, or his qualified representative who shall be a Master Electrician shall actually and continually supervise, direct and supérintend all electrical work installed by him in the City of Shreveport.”
 

 On the same day said C. R. Carle filed affidavits in the municipal court of the city of Shreveport wherein he charged John T. Maple and John W. Glover with violating section 6 of Ordinance 158 of 1927, in
 
 *227
 
 that they “did engage in the business of installing and repairing electrical apparatus and material operating at a difference of potential of 13 volts or more in the City of Shreveport without first securing a Master Electrician’s certificate from the Electrical Department of the City of Shreveport.”
 

 Section 6 of Ordinance 158 of 1927 reads as follows:
 

 “Be it further ordained, etc., that every person, firm or corporation before engaging in the business of installing or repairing electric conductors, dynamos, motors, fixtures, erecting or removing electric signs or other electrical apparatus or material operating at a difference of potential of 13 volts or more in the City of Shreveport shall comply with each and every section of this article.
 

 “ ‘A’ Secure a Master Electrician’s Certificate from the Electrical Department of the City of Shreveport, which certificate shall be issued in the name of the person who qualifies for same. * * * ”
 

 Plaintiffs further allege that the four parties charged with violation of the ordinance were arrested and bonded to appear in the city court at 9 a. m., January 18, 1935, to answer the above charges; that on January 22, 1935, the said mayor ordered, directed, and commanded the city attorney to enter nolle prosequi therein; that thereafter the said C. R. Carle presented affidavits against the same four defendants to the police department, requesting that they be arrested and prosecuted under these charges; that the police officers refused to accept the affidavits, stating that they had been ordered by the mayor not to accept or file any affidavits wherein the four parties mentioned above were charged with the violation of Ordinance 158 of 1927; that it is the duty of defendant, mayor, to see that the laws and ordinances of the city of Shreveport are faithfully enforced; and prays that a writ of mandamus issue compelling the mayor to execute the laws and ordinances of the city of Shreveport, and particularly to order the prosecution of the four parties charged with violating Ordinance 158 of 1927.
 

 The defendant, mayor, filed exceptions of no right or cause of action, which were tried and overruled by the court before taking the case up on the merits. The district judge issued a rule nisi and then granted the writ, and defendant appealed.
 

 Upon examination of the petition, we find that nowhere therein is it alleged or are there any facts set out to show any special pecuniary or financial interest of relators that will be protected or promoted by the prosecution of the charges or that relators were injured in any manner by the failure to prosecute the accused persons. The sole basis of plaintiffs’ right of action as disclosed by the petition is that they are residents, citizens, and qualified electors of the city of Shreveport, and that they have no adequate remedy at law.
 

 The same question presented here — does plaintiffs’ petition, wherein they seek to compel a public officer to perform a public duty, without alleging facts showing any
 
 *229
 
 special or pecuniary interest or without showing that they were injured or affected by the failure to perform the duty, set forth a cause or right of action — was decided in the case of State ex rel. Schoeffner v. Dowling, 158 La. 706, 104 So. 624, wherein this court held: “Citizen * * * cannot by mandamus enforce performance of duty by public officer, except on showing of special peculiar interest apart from that as one of general public.”
 

 Our conclusion is that plaintiffs’ petition —without' alleging or showing any special or pecuniary interest or without showing that they are injured or affected by the failure of defendant to prosecute the individuals charged with violating the city ordinance — discloses no right to compel the mayor by mandamus to prosecute the individuals charged with violating the city ordinance.
 

 Having arrived at the conclusion that plaintiffs’ suit should be dismissed for the reason that it fails to disclose a right of action, it is unnecessary to recite the various defenses urged herein or go into the merits of the case.
 

 For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the lower court, overruling the exceptions of no right or cause of action, be reversed, and plaintiffs’ suit is dismissed at their cost.
 

 O’NIELL, C. J., and HIGGINS, J., absent.