REGAN, Judge.
The plaintiff, Emile M. Doll, as adjudicatee at a public sale of property in December of 1952 for unpaid State taxes for the year 1910 and patent issued therefor on May 27, 1953, instituted this suit against defendants, Mrs. Annabelle Gross, wife of Maxine Charles Landry, and Benjamin Gross, heirs of Josiah Gross, endeavoring to have a tax sale made to . Josiah Gross by the City of New Orleans for unpaid taxes for the year of 1921 declared a nullity; to have the inscription thereof appearing in the records of the Register of Conveyances cancelled; to determine that the heirs of Josiah Gross have-no interest in the property and finally to recover attorney’s fees and costs. '
Defendants answered and asserted that the sale by the City of New Orleans to their father, Josiah "Gross “was a * * ■* valid sale and conveyed title to'him regardless of the prior sale to the State of Louisiana for the taxes due for the year of 1910.’’
*38 From a judgment in favor of plaintiff, defendants have prosecuted this appeal. Plaintiff has answered the appeal and insists that the lower court erred in failing to award him an attorney’s fee of $150 and in excluding from the taxable costs the expense of procuring “copies of deeds and other muniments of title.”
The trial judge analyzed both the facts and the law applicable hereto in his written reasons for judgment which, in our opinion, fully encompass the principal issues.
“Plaintiff acquired three squares of ground, Numbers 2351, 2352 and 2353, in the Third District of the City of New Orleans in 1952, under a patent issued by the State of Louisiana pursuant to a public sale made under Louisiana Revised Statutes 47:2189.
“The property had previously been adjudicated to the state for unpaid taxes due the state for 1910. Plaintiff cites the heirs of Josiah Gross because the latter was the adjudicatee of the same property at a tax sale made by the City of New Orleans for unpaid city taxes for the year 1921.
“Plaintiff prays that the tax sale to Josiah Gross be declared a nullity and that the heirs of Josiah Gross have no interest in the property and that the inscription in the Conveyance Office be cancelled. * * *
“There is no question of the validity of the sale and adjudication to the state in 1910. More than five years has elapsed since the sale, and the peremption of five years prevails in the absence of proof of the prior payment of taxes.
“The registry of the sale in 1921 by the City to Josiah Gross is a blot on plaintiff’s title and plaintiff is entitled to its cancellation for the following reasons:
“Plaintiff, as adjudicatee at the public sale of the property for the unpaid state taxes of 1910, obtained the property free and clear of all judgments, liens and claims. Once adjudicated to the state for taxes, the property thereafter was not subject to a subsequent tax sale and adjudication.
“No political subdivision of the state has a right to assess or tax property belonging to the state or previously adjudicated to the state. Louisiana Revised Statutes 47:2189-2190 provide the method for the public sale of property previously adjudicated to the state for taxes. The purchaser at such a sale takes it free and clear of all liens, privileges and taxes. In fact, Section 2190 provides for the payment of the proceeds of such sale into the State Treasury, out of which all taxes due the state and any municipality or parish must be paid. Accordingly, any claim that the city or any of its adju-dicatees might have as a result of the tax sale made by the city in 1921 can only be recovered, if at all, against the proceeds of the public sale and adjudication to plaintiff in 1952. See Peters v. Twogood [La.App.], 167 So. [2d] 207, and State [ex rel. Huggett] v. Montgomery [La.App.], 167 So. 147.”
We perceive no error in the lower court’s failure to award plaintiff the sum of $150 as an attorney’s fee for the prosecution of this suit or as an item of damages. Such fees, generally, are awarded only when either stipulated by contract, or provided for by a statutory enactment. Rodriquez v. Hudson, La.App.1955, 79 So.2d 578 and Wilson v. Brian, La.App.1955, 81 So.2d 142. Attorneys’ fees are not even recoverable as damages in a slander of title or jactitation suit. City of Shreveport v. Kahn, 1940, 194 La. 55, 193 So. 461.
We believe that the trial judge inadvertently excluded from the taxable *39 costs the expenses of procuring copies of deeds and other muniments of title since Code of Practice, Article 552 plainly provides that:
“The costs to be paid by the party cast include not only the taxed costs, but also * * * the costs of copies of notarial acts, * * * and other copies of the records of other public officers, necessary in the cause.”
For the reasons assigned the judgment appealed from is amended so as to include as taxable costs the expense of deeds and other muniments of title and, as thus amended, it is affirmed.
Amended and affirmed.