McBRIDE, Judge.
This suspensive appeal was taken by plaintiffs from a judgment of the district court maintaining defendant’s exception of no cause or right of action and dismissing their suit to enjoin the defendant from exchanging a portion of Gretna Park for six other lots in the vicinity. The exception was maintained only after certain evidence had been introduced on trial of the rule nisi for a preliminary injunction. Plaintiffs’ appeal was made returnable to the Supreme Court, but the appeal was transferred to us when it was determined by that court that the amount involved was below its minimum jurisdiction. 231 La. 427, 91 So.2d 590.
The allegations of the petition for the injunction and the aforesaid evidence show that on October 7, 1930, by authentic act, seven persons owning property in the City of Gretna, among whom were Alfred O. Hero and Mrs. Claire Angele Emma Jou-bert de Villemarest, wife of George Alfred Piero, conveyed to the said municipality certain of their respective property within its corporate limits, it being recited in the deed of transfer:
“Whereas, Grantors have agreed to convey their several respective tracts of land in said triangular area ‘CZY’, as shown by the plat hereto annexed, to the City of Gretna, Louisiana, and dedicate the same as a public park, for the use of the public:
******
“Each and all of the Grantors further declares that this conveyance is made for the purpose of creating a public park for the use of the public in the City of Gretna and that the several tracts of land herein conveyed are hereby dedicated as a public park for the use of the public:
“And now to these presents came and appeared Charles F. Gelbke, Mayor of the City of Gretna, Louisiana appearing and acting herein by virtue of an Ordinance adopted by the Mayor and Board of Alderman of said City, a certified copy of which is hereto annexed *321 and made part hereof, who declared that the City of Gretna, Louisiana, accepts the conveyance and dedication of the properties hereinabove described, and, as a further consideration for said conveyance and dedication, the City of Gretna, Louisiana, agrees and binds itself;
“1. To develop the tract of land included within the lines ‘CZY’ on the plat hereto annexed, comprised of the several different parcels herein conveyed, as a public park for the use of the public at as early a date as practicable :
“2. To open and maintain at least one public street in said park area and to extend its sewerage, water and other facilities into the area adjoining the park as soon as possible;”
The recitation of the consideration for the transfer of the property by Alfred O. Hero and Mrs. Claire Angele Emma Jou-bert de Villemarest, wife of George Alfred Hero, to the City of Gretna appears in the deed thus:
“In consideration of the sum of One Thousand, Four Hundred Fifty-Six and 42/100 Dollars ($1456.42), to them cash in hand paid, receipt of which is hereby acknowledged, the benefits which will accrue to its remaining lands by the development of a park, and the further considerations hereinafter set out, the said Alfred O. Hero and Mrs. Claire Angele Emma Joubert de Villemarest, wife of George Alfred Hero, * * ”
It is a fact that the City of Gretna proposes to exchange a parcel of property measuring 450 feet by 450 feet which forms the corner of Gretna Boulevard and Claire Avenue for six scattered lots located in the general area. Though not named in the petition, the evidence in the record shows that the individual with whom the defendant intends to enter into the exchange transaction is Warren Rose. A further disclosure by the evidence is that upon the consummation of the transaction between the City of Gretna and Warren Rose, the latter will exchange the property he acquires from the City of Gretna with the School Board for other property, and that it is contemplated that a public school building will be erected on the land acquired by Rose from the defendant. The particular tract in question is part of that which was transferred by Alfred O. Hero and Mrs. Claire Angele Emma Joubert de Villemarest, wife of George Alfred Hero, to the City of Gret-na, on October 7, 1930, as aforesaid.
On April 14, 21 and 28, 1956, the Mayor and Board of Aldermen of the City of Gret-na publicly advertised in a newspaper of general publication a notice to the effect that an ordinance had been introduced and was proposed for adoption which authorizes the exchange of a portion of the Gretna Park for certain other property in the neighborhood (the property involved being fully described therein) and calling on and notifying all. parties at interest that any opposition thereto must be made within fifteen days as provided by LSA-R.S. 33:4712.
The plaintiffs-appellants made seasonable written opposition to the adoption of the proposed ordinance and to the exchange of the property, but after a hearing the opposition was rejected and the ordinance plaintiffs attack, which was assigned the number 968, authorizing the exchange was adopted. This suit for an injunction ensued.
The plaintiffs are Alvin A. Hero and Alfred O. Hero, Jr. They assail the validity of the ordinance on several grounds, one of which is that:
“ * * * the City of Gretna proposes to exchange petitioners’ property with other property to some private individual or corporation and that they propose to build a school on the property donated for park purposes, instead of using said property as it was intended to be used, for park purposes.”
*322 The plaintiffs pray for injunctive relief:
“ * * * directed to the defendants, the Mayor and Board of Aldermen of the City of Gretna, restraining, enjoining and prohibiting them, their agents, employees, or any other persons claiming to act in their behalf, from executing an exchange of the property described in the ordinance and in the advertisement with any individual, person, firm or corporation
Plaintiffs also pray for judgment “decreeing the ordinance illegal, unconstitutional, null and void.”
Plaintiffs also sought and obtained a temporary restraining order. The rule nisi for a preliminary injunction was duly heard, after which the trial judge recalled the restraining order and rendered the judgment from which the' appeal was taken.
Besides the exception of no cause or right of action, defendant filed several other exceptions, but these were not passed upon and need not be mentioned except the plea of prescription of ten years which the appellee has reurged before us. The exceptions not passed upon by the lower court are deemed to have been overruled. Rains v. Thomason & Champion, 17 La.App. 120, 135 So. 92; Lacaze v. Hardee, La.App., 7 So.2d 719.
LSA-R.S. 33:4712 authorizing the sale, lease or other disposition' of certain property by municipalities reads as follows:
“Municipalities, the City of New Orleans excepted, may sell, lease, or otherwise dispose of, at public or private sale, any real property not actually acquired for a specific public use, or, if acquired and once used for a specific public use, there is, in the opinion of the governing authority, no further need for the property.
“Before disposition can be made of property under the provisions of this Sub-part, an ordinance must be introduced, giving the reasons for the action on the part of the governing authority, and fixing the minimum price and terms of the sale, lease or other contract to be made with reference to the property. Notice of the proposed ordinance must be published three times in fifteen days, one week apart, in a newspaper published in the municipality or, if there is no such newspaper, in a newspaper having a general circulation in the municipality, and if there is no newspaper of general circulation in the municipality, by posting in three public and conspicuous places in the municipality.
“Any opposition to the proposed ordinance shall be made in writing, filed with the clerk or secretary of the municipality within fifteen days after posting of the above notice or its first publication. If an opposition is filed, the governing authority shall not adopt the ordinance until a hearing has been held. If the ordinance is adopted, it shall not become effective until ten days after its passage, during which time any interested citizen may apply to the district court having jurisdiction of the municipality for an order restraining the disposition of the property. After the ordinance becomes effective, it cannot be contested for any reason.”
Necessarily the first question to which our attention must be directed is the correctness of the judgment maintaining the exception and dismissing the suit. In his written reasons for judgment the lower court made these observations:
“* * * The Court now passes only upon the exceptions of no right or cause of action, which had been referred to the merits, as this disposes of the entire case and there is, therefore, no need to discuss or pass upon the other questions involved.
“The relief herein sought is an injunction to restrain the defendant from *323 executing an exchange of property. This relief is fundamentally and actually a conversatory one in the sense that what the plaintiffs are seeking is, and must be, a preservation of the status quo until such time as there is a judicial determination of what is to be done about the property involved. The plaintiffs, for example, might seek the return of the property, or a decree restricting its use to that of a public park, etc. However, in this suit the plaintiffs have failed to pray for any such relief. The injunction sought is not incidental to a final recognition and determination of any of their rights. To the contrary, the injunction sought here is a final and permanent restraint of an exchange of the particular property without regard to its purpose and without any assurance that the plaintiffs, at any future date, would proceed to clear up the question. For the Court to grant the relief prayed for conceivably could result in needlessly taking the use of the property away from the defendant without any hope of the same being cleared up in the foreseeable future. The holding of the Court on this question is that it cannot so act. It could grant the relief sought only if that relief were incidental to the determination of the final status of the property and the plaintiffs’ rights therein, in which case the injunction could be granted, if proper, only for the purpose of maintaining the status quo.
“Nor can the plaintiffs hope to overcome this objection by reason of the fact that they have applied to the Court within the ten day period and as ‘interested citizens’ under R..S. 33:4712. The words ‘Any interested citizen’ as used in Section 4712 refer to a citizen of the community, a citizen of the City of Gretna, and the plaintiffs are not such citizens.”
We think that those conclusions were clearly in error.
It is true that both of the plaintiffs are residents of the City of New Orleans and that LSA-R.S. 33:4712 provides that “any interested citizen may apply to the district court having jurisdiction of the municipality for an order restraining the disposition of the property.”
Counsel for the City of Gretna took the position in the trial court and he assumes the position here that the words “interested citizen” mean a citizen of the City of Gretna having some interest in the subject matter of the ordinance. We cannot believe that the Legislature ever entertained an intent that the right to attack a disposition of the property by the municipality would only be vested in a citizen of the municipality in which the property is situated, but rather that any citizen, even a nonresident could appeal to the courts for an order restraining the disposition of the property if such disposition affected his interests adversely. Alvin A. Hero, the evidence shows, is the owner of certain real property within the confines of the City of Gretna on which he pays taxes, and this fact alone, we believe, would endow him with the necessary interest to pursue the relief sought in the suit. His interest in the suit could be very real in that the development and maintenance of the park by the City of Gretna for public use might enhance the value of his property on which he pays taxes to the city. A taxpayer, though a nonresident, may prosecute his demand to keep a public place open for public use. City of Shreveport v. Kahn, 194 La. 55, 193 So. 461. We think that the other plaintiff, Alfred O. Hero, Jr., also clearly has a right of action. He is the only child and sole heir at law of the deceased grantor, Alfred O. Hero, and was in these qualities placed into possession of all property left by Alfred O. Hero, whose death occurred sometime in the year 1941. Alfred O. Hero, Jr., as the successor of the grantor, has a general interest from which would flow the right to ¡maintain a demand that the City of Gretna fulfill its obligation to keep and maintain the prop-' *324 erty as a public park in view of the grantor’s dedication of the property to such specific purpose and the contractual obligation of the City of Gretna to develop the land as a public park for the use of the public.
Counsel for the appellee misunderstands the nature of the relief sought by the plaintiffs. They are not seeking the enforcement of a resolutory condition or a revendication, but what they pray for is that the ordinance by which an exchange of the property is authorized be declared illegal and ineffective and that the governing officials of the City of Gretna be restrained from carrying out the provisions of the ordinance by disposing of the public property in the manner outlined in the ordinance. What we have said here also completely disposes of the plea of prescription of ten years. The prescription relied upon by defendant does not apply to such an action as plaintiffs assert. While it is quite true that the City of Gretna has never laid out the whole of the property as a public park, there is a statement of the Mayor in the record showing that a baseball diamond and grandstand have been erected on part of the land which is in general use by the public. We are uninformed of any law which would relieve the City of Gretna of the obligation it assumed by its contract of retaining or maintaining the property for the purposes of a public park merely as a result of passage of any particular period of time.
One of the alleged grounds of invalidity of the ordinance is that its purpose is to effect the erection of a school building on part of the land which the City of Gretna is contractually obligated to develop and maintain as a park by first transferring the property to Warren Rose, who will in turn convey it to the School Board, all in violation of the obligations assumed by defendant in the act by which it acquired its title to the land.
We think this charge, which seems to be supported by the evidence adduced on the trial of the rule, would make out a prima facie case for the issuance of a preliminary injunction. The issuance of such writ does not dispose of the issues in the case but only serves to preserve the status quo until the case can be tried on its merits at which time all the issues may be inquired into and adjudicated.
In Anderson v. Thomas, 166 La. 512, 117 So. 573, the Supreme Court found that the facts showed that the erection of a municipal auditorium in a public park was not consistent with the use of the land as a public park and would practically destroy the lot as a park. It was held that individuals may maintain actions to keep public places open.
We believe under the circumstances of this case we have the right as a reviewing court to issue any judgment that should have been issued by the court of origin.
Therefore, it is ordered, adjudged and decreed that the judgment appealed from is reversed and defendant’s exceptions are dismissed at its cost.
It is further ordered, adjudged and decreed that a writ of preliminary injunction issue herein directed to the defendants, the Mayor and Board of Aldermen of the City of Gretna, restraining, enjoining and prohibiting them, their agents, employees, or any other persons claiming to act in their behalf from executing an exchange of the property described in Ordinance No. 968 with any individual, person, firm or corporation, said writ to issue upon plaintiffs’ furnishing bond with good and solvent surety in accordance with law in the sum of $1,000.
It is further ordered that the matter be remanded to the lower court for such further proceedings as are authorized by law.
Judgment reversed; preliminary injunction granted; matter remanded.
REGAN, J., concurs.